UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| TONY REED, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 6:23-CV-127-REW-CJS |
| v. | ) |
| DR. PARSONS, *et al*., | ) **RECOMMENDED DISPOSITION** |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Following preliminary review and motions practice, this matter was referred to the undersigned to conduct further pretrial proceedings, including overseeing discovery and setting an efficient schedule for plenary dispositive motions. (R. 34). For the reasons that will be discussed below, the undersigned will recommend that this case **be dismissed** for a failure to prosecute by *pro se* Plaintiff Tony Reed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Through this action, Reed brings claims against Dr. Parsons and Dr. R. Jones concerning the alleged denial of his prescription medication and counseling.[1] (*See* R. 7; *see also* R. 15). After being served, rather than file an Answer, Defendants filed a Motion to Dismiss, or in the

---

[1] Reed originally filed this action in the Northern District of Georgia (R. 1), but that Court transferred the case to this District on venue grounds (R. 2). Once the case was in this District, Reed was directed to file his Complaint on the proper form (E.D. Ky. 520), and he was provided with information on how to file a motion to proceed *in forma pauperis* ("IFP"). (R. 6). Upon preliminary review of Reed's completed complaint form (R. 7) and his motion to amend (R. 11), District Judge Wier dismissed with prejudice the other claims Reed asserted in this action, including an Eighth Amendment claim against Dr. Parsons and the Unit Team concerning their alleged failure to place Reed in certain programming, an Eighth Amendment claim against the Unit Team concerning Reed's custody classification and location of his incarceration, and any claims against USP McCreary (R. 15). Reed was granted leave to proceed IFP. (R. 14).

alternative, Motion for Summary Judgment on January 9, 2024. (R. 25). District Judge Wier then entered an Order on January 20, 2024, directing that Reed's response to Defendants' dispositive motion be filed within thirty days. (R. 26). On February 14, 2024, the Clerk of Court docketed a motion from Reed requesting an extension of time to respond to Defendants' motion. (R. 27). Judge Wier granted that motion, and set March 25, 2024, as the deadline for Reed to file a response. (R. 28).

On April 1, 2024, the Clerk of Court docketed a motion from Reed requesting counsel and also representing that he had not received a response from the Government. (R. 29). Judge Wier denied Reed's request for counsel but granted him a final extension to respond to Defendants' motion. (R. 30). Reed's Response was then received by the Clerk of Court on April 15, 2024 (R. 31), and Defendants' Reply was filed on April 30, 2024 (R. 32); Reed also filed a Sur-Reply (R. 33). Upon full consideration of the record, Judge Wier denied Defendants' dispositive motion without prejudice to reassert their arguments on a more developed, post-discovery record. (R. 34). The matter was then referred to the undersigned to conduct further pretrial proceedings, including overseeing discovery and setting an efficient schedule for plenary dispositive motions. (*Id.*).

After the matter was referred to the undersigned, a simplified Scheduling Order was entered, which set January 16, 2025, as the deadline for the parties to complete all pretrial discovery and February 18, 2025, as the deadline for the parties to file any dispositive motions.[2] (R. 35). These deadlines were later extended multiple times, and March 20, 2025, was ultimately set as the deadline for the parties to complete pretrial discovery, and April 21, 2025, as the deadline for the parties to file any dispositive motions. (*See* R. 46; *see also* R. 42).

---

[2] Defendants filed an Answer shortly after the Scheduling Order was entered. (R. 36).

2

As far as discovery, the Court granted Reed's request for subpoenas to be issued (R. 40 (granting R. 39 and issuing five signed but blank subpoenas, and denying R. 38)), and Defendants were granted leave to take Reed's deposition (R. 50). Reed also made several filings in the record that appeared to be materials obtained or received by him as part of the discovery phase on this case. (R. 43; R. 44). The Court did not order those materials stricken from the record, but did remind Reed of his obligation to cite to specific items of discovery if he were to file or respond to a dispositive motion. (R. 47). Similar subsequent filings by Reed were also permitted to remain in the record. (*See* R. 53; *see also* R. 51; R. 52). Additionally, the Court updated Reed's address based on information provided by *Defendants*. (R. 47 (citing R. 45)). In doing so, however, the Court reminded Reed of his ongoing obligation to promptly notify the Clerk of Court of any change of address if he wished to avoid having his case dismissed. (*Id.* (citing R. 6 at Page ID 11)).

On March 13, 2025, the Clerk of Court received and docketed a Motion to Intervene as of Right Pursuant to Fed. R. Civ. P. # 24(a)(2) filed by Daniel Eric Salley – Paralegal. (R. 54). Through that motion, Salley seeks to intervene in this action under Rule 24 based upon his having helped Reed with this litigation. (*See, e.g.*, *id.* at Page ID 631 ("Mr. Salley contracted with Mr. Reed on a contingent basis to research, draw-up, and file his pleadings and to examine and interpret legal documents he would receive and respond to the same and to all court orders.")). However, Salley's filing did not indicate whether it had been served upon Reed, so the Court directed Salley to file an amended certificate of service confirming he had mailed a copy of his motion to Reed and when he had done so. (R. 55). In April 2025, Salley filed an Amended Certificate of Service informing the Court that he had served a copy of his motion and Amended Certificate on Reed. (R. 56). In May 2025, Salley filed a Status Report, in which he informed the Court that he had

served a second copy of his motion and a Second Amended Certificate of Service on Reed after the first attempt at re-mailing Reed had been returned to him as undeliverable. (R. 59).

In June and July 2025, Salley made several other filings in this action. For example, Salley filed a Motion to Consider his Motion to Intervene as Served on Mr. Tony Reed (Plaintiff) Pursuant to Fed. R. Civil Procedure 5(b)(2)(C). (R. 61). In that motion, Salley informs the Court that his attempts to serve his Motion to Intervene upon Reed were all unsuccessful. (R. 61 at Page ID 2214). That Salley asks the Court to consider his Motion to Intervene because service of that motion was complete "upon mailing," *see* Fed. R. Civ. P. 5(b)(2)(C), suggests Salley has not had any communications with Reed about this case since his Motion to Intervene was filed. Such a request is further notable given that Salley purports to have filed a Motion for Extension of Time to File Response to Defendant's Motion for Judgment on the Pleadings or Summary Judgment on Reed's behalf. (*See* R. 63 at Page ID 2225 ("Mr. Reed is a mental defective and incompetent to respond to Defendant's Motion for Summary Judgment (R. 57) therefore, Intervenor Salley request 45 days extension on Mr. Reed behalf to respond to such motion.")). Salley has also asked the Clerk of Court numerous times to provide him with a docket sheet in this action. (R. 62; R. 64).

Other relevant motions practice in this action includes Defendants' Motion for Judgment on the Pleadings, or in the alternative, Motion for Summary Judgment filed on April 18, 2025. (R. 57). When no response to Defendants' renewed dispositive motion was made by Reed and the time for such response had run under the Local Rules, the undersigned entered an Order giving him fourteen days to file a response and putting him on notice that if he failed to respond or failed to otherwise demonstrate an intention to pursue his claims and participate in his case, dismissal would likely be recommended to Judge Wier. (R. 60). Reed has not filed a response to Defendants' renewed motion or to the Court's Order, and the time to do so has elapsed. Indeed,

as of the date of this Recommended Disposition, the record reveals no correspondence or filings from Reed since before Salley's Motion to Intervene was filed in March 2025. (*See, e.g.*, R. 54; R. 60). Given the procedural posture of this case, and the lack of any recent involvement by Reed despite warnings from the Court about inaction, it will be recommended that this matter be dismissed based on Reed's failure to prosecute this litigation.

## II. ANALYSIS

A federal trial court has authority to dismiss a case under Federal Rule of Civil Procedure 41(b) because of a plaintiff's failure to prosecute his claims. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962) (holding that the language in Rule 41(b) allowing for a party to move to dismiss for failure to prosecute did not implicitly abrogate the court's power to dismiss s*ua sponte*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 630-31 (discussing power of federal trial court to dismiss a plaintiff's action with prejudice because of plaintiff's failure to prosecute); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) ("Under the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute."); *Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (noting that dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties after certain plaintiffs failed to respond to a court order requiring the filing of certain information)).

In determining whether a case should be dismissed for failure to prosecute under Rule 41(b), a court should consider the following four factors:

> 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll*, 176 F.3d at 363.  Although the factors are often phrased in terms of the appellate court's review, district courts apply them as well.  *See, e.g.*, *Clark v. Parker*, No. 5:24-CV-1312, 2025 WL 2355213, at *4 (N.D. Ohio Aug. 14, 2025).  On this record, a review of these factors leads to the conclusion that dismissal without prejudice is appropriate in this case.

First, Reed's lack of communication suggests that he has abandoned his case, particularly considering earlier filings he made, which demonstrate he knows how to file motions and other papers.  (*See, e.g.*, R. 1; R. 11).  Importantly, the authority to dismiss a case for failure to prosecute applies specifically in the context here—where a litigant apparently abandons his case by failing to respond to a dispositive motion and to comply with or respond to a court's order warning him that a failure to respond to the dispositive motion would likely result in a recommendation that this case be dismissed.  (*See* R. 60); *see also Cornett v. Dobson*, 338 F.R.D. 97, 99-100 (E.D. Ky. 2021) (finding that the first factor was met when plaintiff failed to respond to show cause orders and a dispositive motion).  Here, it is worth noting that the record does not reveal any action by Reed since before Salley filed his Motion to Intervene in March 2025.

Second, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case."

*White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008). Although prejudice to Defendants at this point may be minimal, they have expended resources in defending this action, including preparing and filing an Answer (R. 36), participating in discovery (R. 48), and filing their renewed dispositive motion (R. 57). In addition, Reed's inaction has resulted in an overall delay of the litigation. Thus, his failure to file a response to Defendants' renewed dispositive motion and his failure to make other filings to advance this case have caused prejudice to Defendants.

Third, Reed was given clear warning that failure to respond to Defendants' dispositive motion or to otherwise demonstrate an intent to pursue his claims could result in a recommendation that this action be dismissed. (*See* R. 60 at Page ID 2212 ("Reed is hereby on notice that if he fails to respond or fails to otherwise demonstrate that he intends to pursue his claims and participate in his case, dismissal will likely be recommended to the presiding District Judge.")). Despite this admonishment, Reed has taken no actions that show an intention to pursue his claims in this Court. The Sixth Circuit has stated that a party's failure to act in the face of a warning from a court that the case would be dismissed is a powerful indication of willful noncompliance. *Cf. Lovejoy v. Owens*, 19 F.3d 1433, No. 92-4207, 1994 WL 91814, at *2 (6th Cir. Mar. 21, 1994) (unpublished table decision) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).

Last, less drastic sanctions were considered prior to recommending dismissal. Reed was ordered to take necessary action concerning his intent to prosecute this matter, and he was notified that his failure to do so could be grounds to dismiss the action. (*See* R. 60). Reed has failed to respond to the Court's Order or to Defendants' dispositive motion, and he has failed to in any other way indicate that he has not abandoned his claims. Under the totality of the circumstances, Reed's inaction indicates that his failure to prosecute this case is either a willful decision on his part or in

7

reckless disregard for the effect that his conduct has upon his case. Thus, dismissal is warranted. *See Link*, 370 U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

In this instance, dismissal without prejudice is being recommended, which is a lesser sanction. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Moreover, "no alternative sanction would protect the integrity of pre-trial procedures" as Reed's actions have indicated that he does not intend to further participate in his case. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (discussing situation in terms of attorney's actions).

In sum, given Reed's disregard for the Court's Order to respond to Defendants' dispositive motion and his lack of participation or communication in this matter, it will be recommended that this case be dismissed without prejudice. In such a posture, it will further be recommended that the pending motions be denied as moot.[3]

### III.   CONCLUSION AND RECOMMENDATION

As explained above, all four factors identified by the Sixth Circuit weigh in favor of dismissal of this action. Accordingly, **IT IS RECOMMENDED** as follows:

1)    Plaintiff Tony Reed's Amended Complaint (R. 7; R. 11) **be dismissed without prejudice** for failure to prosecute and for failure to comply with the Court's Order.

---

[3] The Court questions the propriety of Salley's Motion to Intervene. Indeed, other courts have denied similar motions by jailhouse lawyers. *See, e.g.*, *McGee v. Genovese,* No. 1:19-CV-0024, 2019 WL 4242411, at *1 (M.D. Tenn. Sept. 6, 2019), *report and recommendation adopted*, No. 1:19-CV-00024, 2020 WL 134173 (M.D. Tenn. Jan. 13, 2020). And the case law that Salley relies on interpreting intervention as a matter of right strikes the Court as inapposite to the factual circumstances presented here. *See generally Wineries of the Old Mission Peninsula Ass'n v. Township of Peninsula*, 41 F.4th 767 (6th Cir. 2022). Still, the merits of Salley's Motion to Intervene do not need to be fully examined because dismissal of this entire action is being recommended.

2)  The Motion to Intervene as of Right Pursuant to Fed. R. Civ. P. # 24(a)(2) by Daniel Eric Salley – Paralegal (R. 54), the Motion to Consider Mr. Daniel E. Salley's Motion to Intervene as a Served on Mr. Tony Reed (Plaintiff) Pursuant to Fed. R. Civil Procedure 5(b)(2)(C) (R. 61), and the Motion for Extension of Time to File Response to Defendant's Motion for Judgment on the Pleadings or Summary Judgment filed by Salley purportedly on Reed's behalf (R. 63) **be denied as moot.**

3)  Defendants' Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment (R. 57) **be denied as moot**.

4)  This action **be stricken** from the Court's active docket.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 508-09. A party may respond to another party's objections within 14 days of being served with a copy. Fed. R. Civ. P. 72(b)(2).

Signed this 11th day of September, 2025.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\Judge-CJS\DATA\Orders\civil london\2023\23-127-REW-CJS R&R re failure to pros.docx