UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TONY REED, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:23-cv-00127-REW-CJS |
| | ) | |
| v. | ) | |
| | ) | |
| DR. PARSONS, *et al.*, | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Tony Reed initiated a *pro se* civil rights action alleging that prison medical professionals are denying him certain mental health-related prescription medications and individual mental health counseling. *See* DE 1 (Petition); DE 7 (Complaint). On April 18, 2025, Defendants moved for judgment on the pleadings, or in the alternative, for summary judgment. *See* DE 57 (Motion for Judgment on the Pleadings). After the deadline for filing a response expired with no submission from Reed, Magistrate Judge Candance J. Smith, on referral, reviewed the record and concluded that the matter should be dismissed without prejudice under Rule 41(b) for Plaintiff Reed's failure to prosecute his claims. *See* DE 65 (Report and Recommendation). In turn, Judge Smith recommended that the Court deny all pending motions in the case as moot. *See id.* at 8-9. Judge Smith informed the parties of their right to object to the Recommendation under 28 U.S.C. § 636(b)(1) within fourteen days. *See id.* at 9. The prescribed fourteen-day objection period has passed, and no party has objected to the Recommended Disposition.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106

S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Upon review of Judge Smith's recommendation, the Court agrees with her analysis. Judge Smith, employing the proper Rule 41(b) analysis under *Rogers v. City of Warren*[1], concluded that dismissal of Reed's claim without prejudice was warranted. *See* DE 65 at 8. Specifically, Judge Smith noted that "the record does not reveal any action *by Reed* since before Salley filed his Motion to Intervene in March 2025." *See id*. at 6 (emphasis added).[2] Given Reed's failure to respond to Defendants' motion—even after warning by the Court that any further failures to respond would result in a recommendation of dismissal—Judge Smith determined that Reed has abandoned his case. *See id*. at 6-7. The Court agrees with Judge Smith's comprehensive analysis. This matter warrants dismissal pursuant to Rule 41(b).

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

---

[1] 302 F. App'x 371, 376 (6th Cir. 2008).
[2] On March 13, 2025, Daniel Eric Salley, *pro se*, filed a motion to intervene as of right pursuant to Rule 24(a)(2) claiming his right existed based upon his having helped Reed with this litigation. *See* DE 54 (Motion to Intervene). Salley, however, repeatedly failed to provide proof to the Court that he had served Reed with his filing. *See* DE 56 (Amended Certificate of Service); DE 59 (Status Report). Nevertheless, Salley continued to file motions in this action. Notably, in one such motion, Salley conceded that all his attempts to serve his Motion to Intervene upon Reed had been unsuccessful. *See* DE 61 (Motion to Consider Salley's Motion to Intervene) at 1-2.

1. The Court **ADOPTS** DE 65.

2. The Court **DENIES** DE 54, DE 57, DE 61, DE 63, and DE 66[3] as moot.

3. The Court **DISMISSES** DE 7 and DE 11 without prejudice and **STRIKES** the matter from its active docket.

This the 1st day of October, 2025.

Signed By:
Robert E. Wier
United States District Judge

---

[3] Salley moves to join this matter pursuant to Rule 20(a)(1). While this motion is now moot given the Court's dismissal of the underlying matter, Salley may, if he has an actionable claim, pursue it by initiating his own case.